IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DEIDRE LECHOWSKI-MERCADO, and OWEN MERCADO, Plaintiffs, vs. SEELY SWAN HIGH SCHOOL, and MISSOULA COUNTY PUBLIC SCHOOL DISTRIT, a department of MISSOULA COUNTY, MT, Defendants. | CV 21–10–M–DLC ORDER |

Before the Court is Third-Party Cannon Hawkinson's Motion to Quash Subpoena Duces Tecum. (Doc. 13.) On February 5, 2021, the Court authorized Plaintiffs to serve a third-party subpoena on Mr. Hawkinson, who is a minor. (Doc. 5.) On March 8, 2021, Plaintiffs subpoenaed Mr. Hawkinson demanding that he turn over his phone so that his social media accounts could be searched. (Doc. 14-1.) On March 22, 2021, Mr. Hawkinson, through counsel, brought this motion to quash that subpoena. (Doc. 13.) Mr. Hawkinson argues that the requested information is overly broad and therefore violates his privacy rights. (Doc. 14 at 5.) The Court agrees in part and will grant the motion to quash as explained below.

1

## Discussion

Plaintiffs allege that Mr. Hawkinson used his social media accounts to bully and harass Plaintiff Owen Mercado. Plaintiffs allege the administration at Mr. Mercado's high school knew about the bullying and took no action to stop it. The subpoena issued to Mr. Hawkinson requests that he produce his cell phone for cloning so that investigators may extract all relevant information. (Doc. 14-1 at 2.) Additionally, the subpoena requests that Mr. Hawkinson provide copies of any communications on Instagram, Facebook, Twitter, SnapChat, and other electronic mediums about Owen Mercado, his immediate family members, any other student at his school, or any member of the school's staff. (*Id.*)

Mr. Hawkinson has no objection to providing copies of his public communications about Mr. Mercado.[1] (Doc. 14 at 5.) But he objects to having his phone cloned and he objects to producing any *private* communications about Mr. Mercado or any other student or staff member. (*Id.*) He also argues that Plaintiffs have not taken any steps to safeguard the information they seek from unauthorized disclosure. (*Id.* at 5.)

---

[1] The subpoena also requests information about "any member of [Owen Mercado's] immediate family[.]" Mr. Hawkinson has not indicated whether he objects to disclosure of information concerning these persons. Because the Court is allowing discovery of communications about Owen Mercado, the Court will similarly allow discovery of communications about his family, as his mother is also a Plaintiff in this suit.

Plaintiffs assert that Mr. Hawkinson's private communications should not be protected from discovery because he put those private communications at issue by name-calling Mr. Mercado. (Doc. 20 at 4.) Plaintiffs additionally argue that information shared on the internet is not private because it is hosted by third-party servers. (*Id.* at 6–7.) Finally, to address Mr. Hawkinson's concerns over the lack of appropriate safeguards, Plaintiffs propose his cell phone be surrendered to a private investigator, who will sort through the information and turn over only relevant information. (*Id.* at 8–9.) Plaintiffs propose that they share the costs of this service with Mr. Hawkinson. (*Id.* at 9.)

Under Federal Rule of Civil Procedure 45, a party may command a non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 26 allows a party to obtain discovery concerning any non-privileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. "It is well established that the scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1)." *Painters Joint Committee v. Employee Painters Trust Health & Welfare Fund*, 2011 WL 4573349 at *5 (D. Nev. Sept. 29, 2011);

*Beinin v. Ctr. for Study of Popular Culture*, No. 06-cv-02298 JW, 2007 WL 832962, at *2 (N.D. Cal. Mar. 16, 2007).

A subpoena should not be enforced where it imposes an "undue burden." Fed. R. Civ. P. 45(d)(1). Similarly, courts must limit discovery if "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). A party seeking a subpoena must therefore take steps to avoid imposing an undue burden or expense on a third-party subpoena recipient. Fed. R. Civ. P. 45(d)(1). For this reason, "Rule 45(d)(2)(B)(ii) requires the district court to shift a non-party's costs of compliance with a subpoena, if those costs are significant." *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013). "[W]hen discovery is ordered against a non-party, the only question before the court in considering whether to shift costs is whether the subpoena imposes significant expense on the non-party. If so, the district court must order the party seeking discovery to bear at least enough of the cost of compliance to render the remainder 'non-significant.'" *Id.*

Additionally, a court may restrict discovery where the information sought infringes on an individual's privacy rights. *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) ("Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests."). Where privacy interests are in play, a court "evaluate[s] whether privacy interests

4

should prevail over the interest in fully discovering a case," by "balanc[ing] the party's need for the information against the individual's privacy rights." *Marshall v. Galvanoni*, 2019 WL 2491524, at *2 (E.D. Cal. June 14, 2019).

Only private communications are at issue in this motion. Mr. Hawkinson does not object to Plaintiffs' discovery requests to the extent those requests seek communications that were posted publicly on his social media accounts. The Court rejects Plaintiffs' argument that electronic communications are never private in the sense that all social media content takes place on third-party servers. Users of social media have privacy interests in communications sent as direct messages or posts shared only with a select group of persons. Even if this form of "privacy" is ultimately illusory as Plaintiffs' suggests, internet sites like Instagram and Facebook go to lengths to suggest to their users that certain content can be shared securely, discretely, and privately by activating various privacy and security settings.

That this information is private does not mean that it is not discoverable. Plaintiffs are correct that Mr. Hawkinson placed some of his private communications at issue by allegedly engaging in malicious speech about Mr. Mercado. To the extent the subpoena targets Mr. Hawkinson's private communications that discuss Mr. Mercado, such communications are relevant and discoverable. Otherwise, the Court agrees with Mr. Hawkinson that

communications about other students or staff at his high school exceed the scope of relevancy. Plaintiffs have not convinced the Court that this information is necessary to their claims. To allow discovery of communications which are, at best, tangentially related infringes on Mr. Hawkinson's privacy rights.

Turning now to Plaintiffs' safeguarding and cost-sharing proposal, Rule 45 requires the Court to be very cautious when placing a financial burden on a third-party subpoena recipient and *requires* the Court to shift the costs to the party seeking the discovery where the costs become significant. Fed. R. Civ. P. 45(d)(2)(B)(ii). Given Mr. Hawkinson's status as a minor, the Court views the costs of hiring a private investigator to sort through his cell phone data as significant. The Court otherwise agrees with Plaintiffs' proposal that the use of an investigator to sort through and protect information that is not discoverable from reaching Plaintiffs' counsel is an appropriate safeguard. However, if Plaintiffs want this information, they must bear the full cost of getting it. Accordingly,

IT IS ORDERED that the Motion (Doc. 13) is GRANTED in part. The subpoena is valid to the extent it seeks communications that are directed to, discuss, or otherwise pertain to Plaintiff Owen Mercado or any member of his immediate family. The subpoena is quashed to the extent it seeks communications about other students or staff. Plaintiffs' proposal to hire a private investigator is adopted except to the extent it requires Mr. Hawkinson to share costs.

IT IS FURTHER ORDERED that Plaintiffs' Response and Motion to Compel (Doc. 20) is GRANTED in part and DENIED in part consistent with the terms outlined in this order.

DATED this 6th day of July, 2021.

Dana L. Christensen, District Judge
United States District Court