IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DEIDRE LECHOWSKI-MERCADO, and OWEN MERCADO,<br><br>              Plaintiffs,<br><br>   vs.<br><br>SEELY SWAN HIGH SCHOOL, and MISSOULA COUNTY PUBLIC SCHOOL DISTRIT, a department of MISSOULA COUNTY, MT,<br><br>              Defendants. | CV 21–10–M–DLC<br><br><br>ORDER |

Before the Court are Plaintiffs' motions for contempt and orders to show cause. (Docs. 24; 26.) Plaintiffs request that this Court compel Hunter Carpenter and Stephen Jorgensen to respond to the third-party subpoenas served upon them and otherwise order them to show cause why they should not be held in contempt. (Docs. 25 at 10–11; 27 at 10–11.) For the reasons stated herein, the Court will order Mr. Carpenter and Mr. Jorgensen to comply with the subpoenas but will deny, subject to renewal, Plaintiffs' request for a show cause order.

**BACKGROUND**

Plaintiffs filed this suit on January 21, 2021 complaining that Defendants failed to "address the discrimination and harassment" of Owen Mercado at Seeley

1

Swan High School in violation of state and federal law.  (*See generally* Doc. 1.) The complaint alleges that Mr. Carpenter and Mr. Jorgensen were central participants in such discrimination and harassment.  (*Id.*)

In February, Plaintiffs sought and received leave to file third-party Rule 45 subpoenas before the Rule 26(f) conference.  (Docs. 4–5.)  Subpoenas were served on Mr. Carpenter and Mr. Jorgenson on February 15, 2021.  (Docs. 25-1; 25-2; 27-2; 27-3.)  The subpoenas seek various information and requested compliance within 20 days.  (Docs. 25-3; 27-3.)  Nearly six months after service, neither Mr. Carpenter or Mr. Jorgensen have responded to the subpoenas or otherwise provided the information sought.

## ANALYSIS

A validly issued Rule 45 subpoena is not a mere request and the party to which it is directed is under a legal obligation to comply.  *Sali v. Corona Regional Med. Ctr.*, 884 F.3d 1218, 1224 (9th Cir. 2018).  "[D]efiance of a subpoena is . . . an act in defiance of a court order."  *Sell v. Country Life Ins. Co.*, 2017 WL 5713885, *3 (D. Ariz. 2017).  Accordingly, any person "who, having been served, fails without adequate excuse to obey the subpoena or an order related to it" may be held in contempt.  Fed. R. Civ. P. 45(g).

As was clearly stated in the subpoenas at issue in this case (Docs. 25-3 at 7–9; 27-3 at 7–9), if a party is served with a subpoena and does not think they should

have to comply, they can level objections or even move this Court to quash or limit the subpoena. Fed. R. Civ. P. 45(d). The failure to either level such objections or move the Court for a quashing or limiting order generally constitutes a waiver of any issues a third party has with the subpoena. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005).

The Court is troubled by Mr. Carpenter's and Mr. Jorgensen's failure to comply with a lawfully issued subpoena. Despite being served nearly 6 months ago (and commanded to respond within 20 days), it appears neither Mr. Carpenter or Mr. Jorgensen intend to comply with their legal obligations. Before considering a contempt citation, the Court will afford Mr. Carpenter and Mr. Jorgensen a final chance to comply with the subpoenas. Full compliance must occur within 10 days of the date of this Order. Mr. Carpenter and Mr. Jorgensen are warned that the failure to comply with this Order may be met with a formal contempt citation.

As a final matter, the Court notes that Plaintiffs' motions contain arguments as to why this Court should not limit the two subpoenas at issue, as previously done with the subpoena served on Cannon Hawkinson. (Docs. 25 at 6–9; 27 at 6–9.) Plaintiffs also ask this Court to impose the cost of production on Mr. Carpenter and Mr. Jorgensen. Because Mr. Carpenter and Mr. Jorgensen have failed to comply with the subpoenas, the Court declines to *sua sponte* limit the subpoenas served upon them. Similarly, the Court will not address the issue of costs of

compliance.

In other words, the Court will not *sua sponte* limit the scope of validly issued subpoenas or otherwise relieve Mr. Carpenter or Mr. Jorgensen of the costs of compliance.  If Mr. Carpenter or Mr. Jorgensen were worried about the scope of the subpoenas served upon them or the costs of compliance, they should have timely presented those concerns to the Court as the subpoenas themselves directed them to do.  The subpoenas, as validly issued and served, remain unaltered and Mr. Carpenter and Mr. Jorgensen will be ordered to respond as directed therein.

Accordingly, IT IS ORDERED that the motions (Docs. 24; 26) are GRANTED in part and DENIED in part, as set forth previously in this Order. Plaintiffs may renew their request for an order to show cause as to why Mr. Carpenter and Mr. Jorgensen should not be held in contempt if they fail to comply with this Order.

IT IS FURTHER ORDERED that on or before August 19, 2021, Mr. Carpenter and Mr. Jorgensen shall fully comply with the subpoenas served upon them on February 15, 2021.  Mr. Carpenter and Mr. Jorgensen are warned that the failure to comply with this Order may be met with a formal contempt citation.

IT IS FURTHER ORDERED that Plaintiffs shall, without delay, serve a copy of this Order on both Mr. Carpenter and Mr. Jorgensen in conformance with the procedure outlined for subpoenas under Rule 45(b).

DATED this 9th day of August, 2021.

_____
Dana L. Christensen, District Judge
United States District Court