IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DEIDRE LECHOWSKI-MERCADO, and OWEN MERCADO, <br><br> Plaintiffs, <br><br> vs. <br><br> SEELY SWAN HIGH SCHOOL, and MISSOULA COUNTY PUBLIC SCHOOL DISTRIT, a department of MISSOULA COUNTY, MT, <br><br> Defendants. | CV 21–10–M–DLC <br><br><br> ORDER |

Before the Court is Plaintiffs' Motion to Compel Cannon Hawkinson's Production and For Defined Search Terms. (Doc. 29.) Plaintiffs seek to compel Mr. Hawkinson to produce his phone to "Roloff Digital Services" so that they may search it using "the formal names of Owen Mercado and his immediate family members, as well as any offensive and/or discriminatory words from the Complaint (along with texting communication derivations)." (Doc. 30 at 4.) For the reasons stated herein, the Court will deny the motion, subject to renewal upon Plaintiffs' identification of specific search terms sought to be included in the examination of Mr. Hawkinson's cell phone to which Mr. Hawkinson objects.

1

In February of 2021, Plaintiffs sought and received leave to file a third-party Rule 45 subpoena on Mr. Hawkinson before the Rule 26(f) conference. (Docs. 4–5.) Mr. Hawkinson responded by moving to quash, contending that the subpoena was overly broad. (Docs. 13–14; 20.) On July 6, 2021, the Court granted the motion in part, ordering that the "subpoena is valid to the extent it seeks communications that are directed to, discuss, or otherwise pertain to Plaintiff Owen Mercado or any member of his immediate family." (Doc. 23 at 6.) This judicial intervention has proved insufficient.

Instead, the parties continue to dispute the scope and reach of the subpoena at issue. At this time, the parties disagree on the proper search terms to be applied to the forensic download of Mr. Hawkinson's cell phone. Plaintiffs seek inclusion of not only Owen Mercado or any member of his immediate family, but also "any offensive and/or discriminatory words from the Complaint (along with texting communication derivations)." (Doc. 30 at 4.) Mr. Hawkinson does not disagree, if the communication at issue includes offensive or discriminatory words leveled in reference to Owen Mercado or an immediate family member. (Doc. 34 at 5.) To the extent Plaintiffs want the search to include "moniker[s]" of Owen Mercado, Mr. Hawkinson has requested a list of specific terms. (*Id.*) Plaintiffs have responded by moving to compel.

The Court will deny the motion, subject to renewal upon a showing of an unresolvable disagreement regarding specific search terms, proposed by Plaintiff, to be included in the forensic download.  Because Plaintiffs are the ones seeking the information, they should be the ones to provide a specific list of desired search parameters.  The Court understands Plaintiffs' desire to capture communications made in reference to Owen Mercado or one of his immediate family members *indirectly* through the use of a moniker or pejorative term.  But Plaintiffs should first specifically enumerate to Mr. Hawkinson what those terms are before asking the Court to intervene.  The Court will order Plaintiffs to do so, along with a directive for Mr. Hawkinson to respond with any objections.  If a conflict persists, Plaintiffs can renew their motion by outlining the specific search terms in contention.

Accordingly, IT IS ORDERED the motion (Doc. 29) is DENIED, subject to renewal upon identification of specific proposed search terms proposed by Plaintiffs to which Mr. Hawkinson objects.

IT IS FURTHER ORDERED that on or before September 10, 2021, Plaintiffs shall provide Mr. Hawkinson with a complete list of proposed search terms to be included in the forensic download, including any monikers or offensive and discriminatory words.  Mr. Hawkinson shall respond with objections to specific terms, if any, on or before September 17, 2021.  The parties are free to

extend these deadlines without involvement of the Court and neither the list nor objections shall be filed with the Court.

The Court has grown weary of the continuing disputes with what should be a fairly straightforward task, particularly based on the direction that has already been provided in previous orders. The court expects counsel to work this out without the need for any further motions. If problems persist and motions are filed, any further court orders may include an award of attorneys' fees to the prevailing party, and the imposition of sanctions.

DATED this 2nd day of September, 2021.

_____
Dana L. Christensen, District Judge
United States District Court