IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DEIDRE LECHOWSKI-MERCADO, and OWEN MERCADO, | |
| Plaintiffs, | CV 21–10–M–DLC |
| vs. | |
| SEELY SWAN HIGH SCHOOL, and MISSOULA COUNTY PUBLIC SCHOOL DISTRIT, a department of MISSOULA COUNTY, MT, | ORDER |
| Defendants. | |

Before the Court are Defendants' motions for orders compelling Phil A.
Hamilton and Dr. Nadine Wisniewski to comply with subpoenas.  (Docs. 40; 42.)
Defendants request that this Court order Mr. Hamilton and Dr. Wisniewski to
respond to the third-party subpoenas served upon them on November 5, 2021.
(Docs. 41 at 1; 43 at 1.)  Plaintiffs' object.  (Doc. 46.)  For the reasons stated
herein, the Court will order Mr. Hamilton and Dr. Wisniewski to comply with the
subpoenas served upon them on or before February 28, 2021.

As this Court has previously stated:

A validly issued Rule 45 subpoena is not a mere request and the party
to which it is directed is under a legal obligation to comply.  *Sali v.
Corona Regional Med. Ctr.*, 884 F.3d 1218, 1224 (9th Cir. 2018).

1

"[D]efiance of a subpoena is . . . an act in defiance of a court order."
*Sell v. Country Life Ins. Co.*, 2017 WL 5713885, *3 (D. Ariz. 2017).
Accordingly, any person "who, having been served, fails without
adequate excuse to obey the subpoena or an order related to it" may
be held in contempt.  Fed. R. Civ. P. 45(g).

(Doc. 28 at 3.)  It appears that Dr. Wisniewski has attempted in good faith to

comply with the subpoena served on her by the Defendants.  (Docs. 43-3; 43-4; 43-

5.)  But it also appears Defendants have been flexible, continuing to afford her

extensions to produce the documents sought through the subpoena, without

success.  (*Id.*)  Apparently, Mr. Hamilton has not responded at all to the subpoena

served upon him.  (Doc. 41-3.)  The Court will afford Mr. Hamilton and Dr.

Wisniewski additional time to comply, before considering whether additional

action is needed.

Plaintiffs' objection to Defendants' motions offers little justification for not

affording Defendants the relief they seek.  (Doc. 46.)  Plaintiffs have placed their

mental and emotional condition at issue by advancing claims for emotional

distress.  (*See generally* Doc 1.)  There is a pending motion to amend that does not

abandon these claims.  (*See generally* Doc. 37-1.)   Accordingly, the Court finds

that the subpoenas at issue aim at relevant informational targets and finds no

reason to deny their request for responsive information.

The Court notes that the papers associated with this motion reference the

possibility that Dr. Wisniewski has already been deposed.  (Doc. 43-5 at 4–5.)  If

she has, then Defendants' motion as to her may very well be moot.  (Doc. 43.)  The Court has not received any notice of compliance and Defendants have not otherwise sought to withdraw their motions.  As such, the Court will order Mr. Hamilton and Dr. Wisniewski to comply with the subpoenas served upon them within the time frame enumerated below.

Accordingly, IT IS ORDERED that the motions (Docs. 40; 42) are GRANTED.

IT IS FURTHER ORDERED that on or before February 28, 2022, Mr. Hamilton and Dr. Wisniewski shall fully comply with the subpoenas served upon them.  Mr. Hamilton and Dr. Wisniewski are warned that the failure to comply with this Order on or before this date, absent an extension approved by the parties or this Court, may result in a formal contempt citation.

IT IS FURTHER ORDERED that Plaintiffs shall, without delay, serve a copy of this Order on both Mr. Hamilton and Dr. Wisniewski in conformance with the procedure outlined for subpoenas under Rule 45(b).

DATED this 8th day of February, 2022.

Dana L. Christensen, District Judge
United States District Court